# EXHIBIT A

FILED
8/30/2021 10:44 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Martha Medellin

CAUSE NO. **2021CI17841**

| | | |
|---|---|---|
| **MICHAEL ALLEN GLASS,** § | | **IN THE DISTRICT COURT** |
| *Plaintiff,* § | | |
| § | | |
| VS. § | | **____ JUDICIAL DISTRICT** |
| § | | |
| **ELIEZER DURAN NORIEGA** § | | Bexar County - 224th District Court |
| AND SWIFT TRANSPORTATION § | | |
| CO. OF ARIZONA, LLC, § | | |
| *Defendants.* § | | **BEXAR COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, MICHAEL ALLEN GLASS, Plaintiff herein, complaining of Defendants, ELIEZER DURAN NORIEGA and SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, herein, and for cause of action would respectfully show unto the Court as follows:

## I.
## PARTIES

Plaintiff, MICHAEL ALLEN GLASS, an individual residing in Bexar County, Texas at 5738 Timberhurst, San Antonio, Bexar County, Texas 78250. The last three digits of Plaintiff's driver's license are 076 and the last three digits of his Social Security number are 525.

Defendant, ELIEZER DURAN NORIEGA, an individual who is a non-resident of Texas. Defendant, ELIEZER DURAN NORIEGA, is not required to designate an agent for service of process in the State of Texas. Pursuant to CPRC 17.062, the Chairman of the Texas Transportation Commission is an agent for service of process on such non-resident for this case. This grew of a collision in which Defendant, ELIEZER DURAN NORIEGA, was involved in. Defendant, ELIEZER DURAN NORIEGA, who was operating the motor vehicle which was in this incident in the State of Texas. Service of process may be had in accordance with the Texas Long Arm Statute by serving the Chairman of the Texas Transportation Commission in Austin, Texas to, Mr. J. Bruce Bugg, Jr., Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701-2483 who shall then forward a copy of this petition upon, Defendant, ELIEZER DURAN NORIEGA, by registered mail and/or certified mail, return receipt requested.

**ELIEZER DURAN NORIEGA**
**10510 Western Avenue**
**Downey, Los Angeles County, CA 90239**

Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, is a foreign limited liability company organized and existing under the laws of Delaware, whose principal office is located at 2200 S. 75th Avenue, Phoenix, AZ 85043, is authorized to do business in Texas and may be served with process by serving its registered agent for service of process, National Registered Agents, Inc., 1999 Bryan Street, Suite 900, Dallas, TX 75201-3136.

## II.
## VENUE

Venue for this cause is proper in Bexar County, Texas, pursuant to the Texas Civil Practice and Remedies Code 15.002.  Pursuant to Texas Rules Civil Procedure, Rule 190, Plaintiff seeks a discovery control plan under Level 3.

## III.
## FACTS

Plaintiff, MICHAEL ALLEN GLASS, brings this lawsuit to recover damages arising out of an automobile collision, which occurred on or about January 20, 2020. Plaintiff was legally and lawfully operating his 2008 grey Dodge Ram 1500 pickup truck traveling west bound in the right lane on IH10 access road at or near the 5600 block of IH10 E and 1300 Ackerman Road, San Antonio, Bexar County, Texas where the collision took place.  Defendant, ELIEZER DURAN NORIEGA, was driving a 2019 white Freightliner Cascadia 113 tractor trailer and was traveling in the left lane adjacent to the Plaintiff.  As Plaintiff and Defendant traveled on the access road and made a left-hand turn onto Akerman Road, Defendant-driver, ELIEZER DURAN NORIEGA, did not maintain his lane and collided into Plaintiff's collision without warning.  Texas Peace Officer's Crash Report No. SAPD20014069 cites Defendant-driver Noriega changing lanes when unsafe as the cause of this collision.

Defendants, ELIEZER DURAN NORIEGA and SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, jointly and severally caused Plaintiff, MICHAEL ALLEN GLASS's damages for which he now sues.

## IV.
## NEGLIGENT ACTS/OMISSIONS OF THE DEFENDANTS

### A. ELIEZER DURAN NORIEGA

Plaintiff would show that on the subject occasion, ELIEZER DURAN NORIEGA, was guilty of the following acts and omissions, which constitute negligence and were a proximate cause of injuries and damages to the Plaintiff:

1. In failing to maintain a proper lookout as a person of ordinary prudence would have maintained under the same or similar circumstances;

2. In failing to timely and/or properly apply the brakes so as to avoid striking the vehicle in which Plaintiff, MICHAEL ALLEN GLASS, was operating;

3. In failing to change lanes when safe with caution;

4. In failing to control his speed; and,

5. In failing to maintain proper control of his vehicle.

Each of the aforementioned acts and omissions, taken singularly or in combination, constitute negligence and/or negligence per se and were a proximate cause of injuries and damages to the Plaintiff. Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court.

### B. SWIFT TRANSPORTATION CO. OF ARIZONA, LLC

At the time of the collision made basis of this lawsuit, Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, owned, controlled, leased, maintained, repaired, and entrusted the subject commercial vehicle to Defendant, ELIEZER DURAN NORIEGA. As described herein, the acts of Defendant, ELIEZER DURAN NORIEGA, were negligent, and were performed with permission in the commercial vehicle entrusted to him by Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, in the course and scope of Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC,'s, business, and those acts were authorized or ratified by Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC

Plaintiff would show that the occurrence made the basis of this lawsuit, and Plaintiff's resulting injuries and damages were proximately caused by the negligent conduct of Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, in negligently permitting a commercial vehicle being driven by Defendant, ELIEZER DURAN NORIEGA, to be operated in a manner that would result in severe foreseeable injury or death to third parties.

Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, is vicariously liable under the doctrine of respondeat superior for the acts of Defendant, ELIEZER DURAN NORIEGA. At the time of the collision made basis of this lawsuit, Defendant, ELIEZER DURAN NORIEGA, was in the course and scope of his employment with Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC. Defendant, SWIFT TRANSPORTATION CO.

OF ARIZONA, LLC, exercised actual and/or contractual control over the actions of their employee at the time of the accident in question. Defendant, ELIEZER DURAN NORIEGA, was entrusted with a commercial vehicle as a part of the course of his employer's business and pursuant to his employment engagement. At the time of this collision Defendant, ELIEZER DURAN NORIEGA, had express or implied permission from Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, to operate the subject commercial vehicle in furtherance of their business interests. Defendant, ELIEZER DURAN NORIEGA, operated the vehicle in a negligent manner at the time of the collision made basis of this lawsuit.

Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, negligent acts and/or omissions were a primary and direct cause of the motor vehicle accident made basis of this lawsuit. Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, owed a high duty of care to the motoring public, including Plaintiff, to hire, supervise, retain, and train competent drivers, and supervisory employees, with that degree of care that a prudent corporation would use under the same or similar circumstances. Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, breached this duty and was independently negligent on the occasion in question based on the following acts and/or omissions:

(a) Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, failed to use reasonable care that a corporation should use in hiring its employees and drivers, including Defendant, ELIEZER DURAN NORIEGA. Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, knew, or through the exercise of reasonable care, should have known, that Defendant, ELIEZER DURAN NORIEGA, was a careless, incompetent, inattentive and/or unqualified employee and driver;

(b) Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, failed to use reasonable care that a corporation should use in training its employees and drivers, including Defendant, ELIEZER DURAN NORIEGA, regarding the proper and safe procedures for operating a commercial vehicle, including stopping, following at a safe distance, and operating the vehicle at a safe speed for traffic conditions;

(c) Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, failed to use reasonable care that a corporation should use in retaining its employees and drivers, including Defendant, ELIEZER DURAN NORIEGA, knew, or through the exercise of reasonable care, should have known, that Defendant, ELIEZER DURAN NORIEGA, was

a careless, incompetent, inattentive and/or unqualified employee and driver;

(d) Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, failed to use reasonable care that a corporation should use in failing to properly supervise and monitor its employees and drivers, including Defendant, ELIEZER DURAN NORIEGA, to insure they were following applicable Corporate Policies, Federal Motor Vehicle Carrier Rules and Regulations, as well as the rules of the road to ensure the safety of the motoring public.

(e) In negligently permitting commercial vehicles being operated in the course and scope of employment, and/or in furtherance of the business interests of Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, to be operated in a manner that would result in severe foreseeable injury or death to third parties.

As described herein Defendant, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, was negligent on the occasion in question. Defendant's negligence was the proximate cause of Plaintiff's damages.

The acts and/or omissions of the Defendants, jointly and severally were a proximate cause of Plaintiff's injuries and damages as set forth below.

## V.
## DAMAGES

As a direct and proximate result of the collision and the negligent conduct of Defendants, ELIEZER DURAN NORIEGA and SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, jointly and severally, Plaintiff, MICHAEL ALLEN GLASS, suffered severe and debilitating bodily injuries to his body generally.

The injuries have had a serious effect on the Plaintiff's health and well-being. These specific injuries and their ill effects have, in turn, caused physical and mental condition to deteriorate generally, and the specific injuries and ill effects have and will, in reasonable probability, cause him, to suffer consequences and ill effects of this deterioration throughout his body in the future, if not for the balance of his natural life. Plaintiff has also suffered great physical and mental pain, suffering and anguish and, in reasonable probability, will continue to suffer in this manner in the future, if not for the balance of his natural life.

Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to incur the following damages:

1. Reasonable medical care and expenses in the past. Plaintiff incurred these expenses for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the locality where they were incurred;

2. Reasonable and necessary medical care and expenses, which will, in all reasonable probability, be incurred in the future;

3. Physical pain and suffering in the past;

4. Physical pain and suffering, which will, in all reasonable probability, be suffered in the future;

5. Physical impairment in the past;

6. Physical impairment, which will, in all reasonable probability, be suffered in the future;

7. Mental anguish in the past;

8. Mental anguish which will, in all reasonable probability be suffered in the future;

9. Fear of future disease or condition;

10. Disfigurement;

11. Cost of medical monitoring and prevention in the future; and,

12. Loss of use of motor vehicle.

Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff in good faith plead the value of this case is more than two hundred fifty thousand dollars ($250,000.00) but less than one million dollars ($1,000,000.00). Plaintiff reserves the right to amend these amounts.

## VI.
## INITIAL DISCLOSURES

Defendants, ELIEZER DURAN NORIEGA and SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, are required to provide Initial Disclosures as described in Rule 194.2(b) of the Texas Rules of Civil Procedure.

## VII.
## NOTICE OF INTENT TO USE RULE 193.7

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, any documents produced by both parties may be used in any pretrial proceeding or at trial. Production of any documents, in response to any request herein, authenticates the document(s) for use against both parties in any pretrial proceeding or at trial unless, within ten (10) days after receipt of the responses (including supplemental or amended responses) either party objects to the authenticity of any documents

produced, or any part thereof, stating the specific basis for the objection, to requests for production to either party.

## VIII.
## PRE-JUDGMENT INTEREST

By reason of all of the above, Plaintiff has been damaged in an amount within the jurisdictional limits of the Court. Accordingly, Plaintiff would show the Court that he is entitled to pre-judgment interest under the laws of the State of Texas.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final hearing of this cause, have and recover judgment against the Defendants, jointly and severally, for the following:

1. Actual damages in an amount that is above two hundred fifty thousand dollars ($250,000.00) but less than one million dollars ($1,000,000.00). Plaintiff reserves the right to amend these amounts;

2. Pre-judgment interest at the legal rate;

3. Post-judgment interest at the legal rate until the judgment is paid in full;

4. For all costs of Court; and,

5. For such other and further relief to which Plaintiff is justly entitled, at law and in equity.

Respectfully submitted,

**DAVIS LAW FIRM**
10500 Heritage Blvd., Suite 102
San Antonio, Texas 78216
Telephone: (210) 444-4444
Telefax: (210) 785-0806

_____
**RICARDO R. REYNA, OF COUNSEL**
SBN: 16794845
e-mail: ricardor@davislaw.com
**CHRISTOPHER A. VASQUEZ**
SBN: 24118575
e-mail: cvasquez@davislaw.com
**ATTORNEYS FOR PLAINTIFF**

**PLAINTIFF RESPECTFULLY DEMANDS A JURY TRIAL**

FILED
10/11/2021 4:58 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Luis Herrera
Bexar County - 224th District Court

Case 5:21-cv-01012   Document 1-3   Filed 10/19/21   Page 9 of 11

**CAUSE NO.2021CI17841**

| | | |
|---|---|---|
| **MICHAEL ALLEN GLASS** | § | **IN THE DISTRICT COURT** |
| | § | |
| **VS.** | § | **224TH  JUDICIAL DISTRICT** |
| | § | |
| **ELIEZER DURAN NORIEGA and** | § | |
| **SWIFT TRASPORTATION CO. OF** | § | |
| **ARIZONA, LLC** | § | **BEXAR COUNTY, TEXAS** |

## DEFENDANTS, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC. AND ELIEZER DURAN NORIEGA'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THE COURT:

**DEFENDANT, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC. and ELIEZER DURAN NORIEGA,** in the above-styled and numbered cause, files its Original Answer to Plaintiffs' Original Petition, and would show the Court as follows:

I.

Defendants, **SWIFT TRANSPORTATION CO. OF ARIZONA, LLC. and ELIEZER DURAN NORIEGA,** deny generally the allegations contained in Plaintiff's Original Petition, and hereby ask for a trial of the issues before a jury.

## II. CONTRIBUTORY NEGLIGENCE

Answering further, if same be necessary, and pleading in the alternative, Defendants **SWIFT TRANSPORTATION CO. OF ARIZONA, LLC. and ELIEZER DURAN NORIEGA** further affirmatively alleges that Plaintiff's claims are barred, in whole or in part, due to the contributory negligence of **MICHAEL ALLEN GLASS**, in that **MICHAEL ALLEN GLASS** failed to exercise ordinary care, caution and prudence to avoid the incident and injuries at issue. **MICHAEL ALLEN GLASS'S** own acts and omissions proximately caused the injuries and damages which are alleged in Plaintiff's Original Petition.

**WHEREFORE, PREMISES CONSIDERED, DEFENDANTS, SWIFT TRANSPORTATION CO. OF ARIZONA, LLC. and ELIEZER DURAN NORIEGA** pray

that upon final trial, Plaintiff takes nothing, and for such other and further relief, both general or specific, to which they may be entitled.

        Respectfully submitted,

    /s/ *Larry D. Warren*
LARRY D. WARREN
State Bar No. 20888450
NAMAN HOWELL SMITH & LEE, PLLC
10001 Reunion Place, Suite 600
San Antonio, Texas 78216
Telephone: (210) 731-6350
Facsimile:  (210) 785-2950
lwarren@namanhowell.com
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of October 2021, the foregoing was filed with the Clerk of Court using the CM/ECF system, and was served on counsel via **E-Filing Notification System:**

Ricardo R. Reyna, of Counsel
State Bar No. 16794845
Christopher A. Vasquez
State Bar No. 24118575
DAVIS LAW FIRM
10500 Heritage Blvd., Suite 102
San Antonio, Texas 78216
Telephone: (210) 444-4444
Facsimile: (210) 785-0806
ricardor@davislaw.com
cvasquez@davislaw.com
**ATTORNEYS FOR PLAINTIFF**

    /s/ *Larry D. Warren*
LARRY D. WARREN

Doc# 6OP2622.DOC

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Larry Warren on behalf of Larry Warren
Bar No. 20888450
lwarren@nhsl.com
Envelope ID: 58077843
Status as of 10/13/2021 12:14 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Ricardo R. Reyna | | ricardor@davislaw.com | 10/11/2021 4:58:16 PM | SENT |
| Christopher Vasquez | 24118575 | Cvasquez@davislaw.com | 10/11/2021 4:58:16 PM | SENT |